1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   BEATRIZ LORENZA RODRIGUEZ,              No.  2:19-CV-1661-DMC

12             Plaintiff,

13        v.                                 MEMORANDUM OPINION AND ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
               Defendant.
16

17

18             Plaintiff, who is proceeding pro se, brings this action for judicial review of a final

19   decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).  Pursuant to the

20   written consent of all parties, ECF Nos. 10, 23, 28, and 30, this case is before the undersigned as

21   the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).

22   Pending before the Court are the parties' briefs on the merits, ECF Nos. 20, 21, 26, 29, and 33.

23             The Court reviews the Commissioner's final decision to determine whether it is:

24   (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

25   whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

26   more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

27   (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

28   a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole,

                                              1

1   including both the evidence that supports and detracts from the Commissioner's conclusion, must

2   be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones

3   v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's

4   decision simply by isolating a specific quantum of supporting evidence.  See Hammock v.

5   Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative

6   findings, or if there is conflicting evidence supporting a particular finding, the finding of the

7   Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

8   Therefore, where the evidence is susceptible to more than one rational interpretation, one of

9   which supports the Commissioner's decision, the decision must be affirmed, see Thomas v.

10  Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

11  standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th

12  Cir. 1988).

13          For the reasons discussed below, the Commissioner's final decision is affirmed.

14

15                     **I.  THE DISABILITY EVALUATION PROCESS**

16          To achieve uniformity of decisions, the Commissioner employs a five-step

17  sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§

18  404.1520 (a)-(f) and 416.920(a)-(f).   The sequential evaluation proceeds as follows:

19          Step 1          Determination whether the claimant is engaged in
20                          substantial gainful activity; if so, the claimant is presumed
                            not disabled and the claim is denied;

21          Step 2          If the claimant is not engaged in substantial gainful activity,
                            determination whether the claimant has a severe
22                          impairment; if not, the claimant is presumed not disabled
                            and the claim is denied;
23

24          Step 3          If the claimant has one or more severe impairments,
                            determination whether any such severe impairment meets
25                          or medically equals an impairment listed in the regulations;
                            if the claimant has such an impairment, the claimant is
26                          presumed disabled and the claim is granted;

27  / / /

28  / / /

                                        2

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989).  The claimant has the initial burden of proving the existence of a disability.  See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work.  See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f).  If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy.  See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

3

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on March 9, 2017.  <u>See</u> CAR 103.[1]  In the application, plaintiff claims disability began on July 22, 2016.  <u>See id.</u>  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on May 2, 2018, before Administrative Law Judge (ALJ) Judith Kopec.  In an October 29, 2018, decision, the ALJ concluded plaintiff is not disabled based on the following relevant findings:

> 1.  The claimant has the following severe impairment(s): musculoskeletal strain, depression, anxiety, and borderline personality disorder;
>
> 2.  The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3.  The claimant has the following residual functional capacity: medium work; the claimant can have only occasional one-on-one direct contact with the public;
>
> 4.  Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

<u>See id.</u> at 104-112.

After the Appeals Council declined review on June 26, 2019, this appeal followed.


## III.  DISCUSSION

Plaintiff has presented various pro se filings which could be construed as Plaintiff's opening brief.  <u>See</u> ECF Nos. 20, 26, and 29.  In her first such filing, Plaintiff states:

> Hello, this is Beatriz Lorenza Rodriguez, and this is my dispositive motion.  My dispositive motion to put an end to all legal proceedings in court.
> I will attend all court hearings and doctors' appointments with the proper arrangements to arrive on time.  I will attend meetings or counseling/therapy with San Juaquin Behavioral Health, the Wellness Center, and the Gibson Center.  Please consider my dispositive motion.  I

---

[1]     Citations are the to the Certified Administrative Record (CAR) lodged on January 21, 2020, ECF No. 14.

1  
2  
3  
have proof of document of when I was permanently disabled diagnosed on 08/28-2016.  This is the date I filed disability.  Later on 01/31/2017 I was diagnosed with Bipolar I, Depression, PTSD, and Borderline Personality Disorder.  I am in group housing with Progressive Housing under doctor's care now.  Therapist on site when I need him.

4  
5  
6  
I am requesting for back pay from Social Security from August 28, 2016, to present day.  I am also requesting the highest payment to receive from Social Security $1,300.00.  I will follow rules and not allow my budget to under or over.  I request to be my own payee as I was an Event Planner for Favorite Finds.  This is my dispositive motion.  Please consider it and thank you for your time.

7  ECF No. 20, pg. 2.

8  In her second filing, Plaintiff states:

9  
10  
I am writing for summary judgement or remand within 45 days from being served with a copy of the administrative record.  I will submit new evidence with a request to voluntary remand to The Office of the General Counsel – Region IX.  I am still permanently disabled.

11  
12  
ECF No. 26, pg. 1.

13  In her third filing, Plaintiff states:

14  
15  
16  
17  
18  
19  
20  
I the Plaintiff am filing a motion for summary judgment within 45 days of being ordered.  Rule 56 of the Federal Rules of Civil Procedure governs summary judgment for federal courts.  Under Rule 56 to succeed in a movant for summary judgment a motion must show 1) That there is an ongoing dispute as to any material fact, and 2) that the movant entitled to judgment as a matter of law.  I ask the Judge to summary judgment award because the undisputed facts of the law make it clear that it would be impossible for the defendant party to prevail if the matter were to proceed to trial.  Please let the courts consider all designated evidence in the light most favorable to the party opposing the summary judgment motion.  One common tactic for defeating summary judgment is to keep the discovery process alive.  I will send evidence that disputing a material fact.  I will wait till the judgment summary judgment can be granted until discovery is complete.

21  
22  
23  
Motion for summary judgment.  The daters [sic] my disabilities became impaired physically and emotional disabling from work were on May 30, 2015.  I have a permanent sprained back and sprained spine along with mental illness such as Bipolar 1, P.T.S.DD., Depression, Anxiety, and Borderline Personality Disorder.  Permanently diagnosed disabled October 20, 2016, by medical doctors.

24  
25  
A summary of the administrative proceedings include [sic] doctors' appointments therapy, phone calls, phone meetings, letters, dates, documents etc.

26  
27  
28  
Medical evidence are the medications I am taking for Bipolar 1 disorder.  I take Divaloroex Sodium DR 500 MG generic for Depakote.  Also Aripiprazole 10 MG, generic for Abilify.  To treat all my disorders, I am unable to move machinery.  Medications make me drowsy and upset but calm my migrane [sic] headaches and my chemical imbalance.

1    ALJ is sworn and has left out medial evidence, such as a yearly
     diagnosis sheets and medications I take daily.
2          The Commissioner left out my yearly diagnosis sheet that clearly
     diagnosis Bipolar 1, P.T.S.D. Depression, Borderline Personality Disorder
3    and Anxiety along with thew [sic] sprained back and sprained spine.
           Plaintiff statement "Commissioner is leaving out important
4    medical diagnosis.  He stating only half of it.  Not the whole record."
     Pointing out how ALJ made legal error while making a decision without
5    getting or overlooking the yearly Treatment Plans for record of diagnosis.
     The forms clearly state much more than just Borderline Personality
6    Disorder and Depression.
           An oral argument would be helpful so I can explain all the details
7    you left out.  I am including new evidence and correcting everything.

8    ECF No. 29, pgs. 1-2.

9          In response to Plaintiff's first filing, Defendant filed a cross-motion for summary

10   judgment.  See ECF No. 21.  In response to Plaintiff's second and third filings, Defendant filed a

11   motion to strike.  See ECF No. 33.  Plaintiff has not filed a response to either of Defendant's

12   motions.

13         Based on the parties' filings, the following issues are before the Court:

14   (1) whether, as Defendant contends, Plaintiff's second and third filings should be stricken; and

15   (2) whether, as Plaintiff asserts, the ALJ erred by failing to discuss evidence of Plaintiff's

16   diagnosis of Bipolar disorder.

17         A.    **Defendant's Motion to Strike**

18         Defendant argues Plaintiff's second and third filings should be stricken.  See ECF

19   No. 33, pgs. 8-9.  According to Defendant:

20         The Court's Scheduling Order permitted Plaintiff to either file a
     motion for summary judgment or submit new evidence with a request for
21   voluntary remand mailed to the regional Office of the General Counsel
     (Dkt. 7 at 2). After issuing an Order to Show Cause (the second of three
22   Orders to Show Cause to Plaintiff in this case), the Court set the deadline
     for Plaintiff's action to prosecute the merits of this case as May 25, 2020
23   (Dkt. 19). Plaintiff elected the first option in the Scheduling Order to file a
     motion for summary judgment, which she filed on May 18, 2020 (Dkt.
24   20). The Commissioner filed a cross-motion and opposition on June 5,
     2020 (Dkt. 21). The Scheduling Order afforded Plaintiff the option to file
25   a reply 20 days after the Commissioner filed his brief, but Plaintiff did not
     avail herself of this option (Dkt. 7 at 1).
26
           Id. at 8.
27

28   / / /

6

While Defendant's objection to Plaintiff's second and third filings is well-taken, the Court declines to strike the filings.  Given Plaintiff's pro se status, the Court will consider all of Plaintiff's filings in reviewing the Commissioner's final decision.  The Court finds this will not result in any prejudice to Defendant and will result in the fullest possible record and consideration of Plaintiff's assertions.

### B.   Evidence of Plaintiff's Diagnosis

It appears Plaintiff contends the ALJ failed to consider evidence of various diagnoses, including diagnoses of Bipolar disorder, depression, PTSD, and borderline personality disorder, see ECF No. 20, pg. 2 (Plaintiff's first filing), depression, and anxiety, see ECF No. 29, pgs. 1-2 (Plaintiff's third filing).

At Step 2, the ALJ determined Plaintiff has the following medically determinable severe impairments:  musculoskeletal strain, depression, anxiety, and borderline personality disorder.  See CAR 106.  The ALJ's discussion at Step 2 does not reference any diagnosis for Bipolar disorder.  See id.  Nor is there any specific discussion of Bipolar disorder elsewhere in the hearing decision.  See id. at 107-112.

According to Defendant, any error is harmless:

> Any alleged error from the ALJ's omission of bipolar disorder and PTSD from the list of severe impairments at step two is at most harmless because the ALJ considered the entire record in later parts of the sequential disability analysis, and that record included Plaintiff's allegations of trauma and treatment for bipolar disorder (AR 108-10; see, e.g., AR 382 [allegation of "trauma and anxiety issues"], 538 [diagnosis of bipolar disorder]). The Ninth Circuit recently reiterated that the inquiry at step two "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

ECF No. 33, pg. 9.

As Defendant acknowledges with reference to page 538 of the record, Plaintiff has been diagnosed with Bipolar disorder.  Specifically, in February 2017 providers at San Joaquin County Behavioral Health Services noted a diagnosis of Bipolar disorder.  See CAR 538.  This record indicates: "She meets the DSM IV criteria for Bipolar Disorder. . . ." Id.; see also id. at 544 (noting an Axis I diagnosis of Bipolar disorder and PTSD).  Clearly, the record before the

1   ALJ contained references to Plaintiff's Bipolar disorder diagnosis.  The question, then, is whether

2   the ALJ's failure to mention this diagnosis at any point in the sequential evaluation process can

3   be considered harmless.

4          The Ninth Circuit has applied harmless error analysis in social security cases in a

5   number of contexts.  For example, in Stout v. Commissioner of Social Security, 454 F.3d 1050

6   (9th Cir. 2006), the court stated that the ALJ's failure to consider uncontradicted lay witness

7   testimony could only be considered harmless ". . . if no reasonable ALJ, when fully crediting the

8   testimony, could have reached a different disability determination."  Id. at 1056; see also Robbins

9   v. Social Security Administration, 466 F.3d 880, 885 (9th Cir. 2006) (citing Stout, 454 F.3d at

10  1056).  Similarly, in Batson v. Commissioner of Social Security, 359 F.3d 1190 (9th Cir. 2004),

11  the court applied harmless error analysis to the ALJ's failure to properly credit the claimant's

12  testimony.  Specifically, the court held:

13          However, in light of all the other reasons given by the ALJ for Batson's
            lack of credibility and his residual functional capacity, and in light of the
14          objective medical evidence on which the ALJ relied there was substantial
            evidence supporting the ALJ's decision.  Any error the ALJ may have
15          committed in assuming that Batson was sitting while watching television,
            to the extent that this bore on an assessment of ability to work, was in our
16          view harmless and does not negate the validity of the ALJ's ultimate
            conclusion that Batson's testimony was not credible.
17
18          Id. at 1197 (citing Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990)).

19  In Curry, the Ninth Circuit applied the harmless error rule to the ALJ's error with respect to the

20  claimant's age and education.  The Ninth Circuit also considered harmless error in the context of

21  the ALJ's failure to provide legally sufficient reasons supported by the record for rejecting a

22  medical opinion.  See Widmark v. Barnhart, 454 F.3d 1063, 1069 n.4 (9th Cir. 2006).

23          The harmless error standard was applied in Carmickle v. Commissioner, 533 F.3d

24  1155 (9th Cir. 2008), to the ALJ's analysis of a claimant's credibility.  Citing Batson, the court

25  stated: "Because we conclude that . . . the ALJ's reasons supporting his adverse credibility

26  finding are invalid, we must determine whether the ALJ's reliance on such reasons was harmless

27  / / /

28  / / /

1    error." See id. at 1162.  The court articulated the difference between harmless error standards set

2    forth in Stout and Batson as follows:

3              . . . [T]he relevant inquiry [under the Batson standard] is not whether the
               ALJ would have made a different decision absent any error. . . it is whether
4              the ALJ's decision remains legally valid, despite such error.  In Batson, we
               concluded that the ALJ erred in relying on one of several reasons in
5              support of an adverse credibility determination, but that such error did not
               affect the ALJ's decision, and therefore was harmless, because the ALJ's
6              remaining reasons *and ultimate credibility determination* were adequately
               supported by substantial evidence in the record.  We never considered what
7              the ALJ would do if directed to reassess credibility on remand – we
               focused on whether the error impacted the *validity* of the ALJ's decision.
8              Likewise, in Stout, after surveying our precedent applying harmless error
               on social security cases, we concluded that "in each case, the ALJ's error . .
9              . was inconsequential to the *ultimate nondisability determination*."

10             Our specific holding in Stout does require the court to consider whether the
               ALJ would have made a different decision, but significantly, in that case
11             the ALJ failed to provide *any reasons* for rejecting the evidence at issue.
               There was simply nothing in the record for the court to review to determine
12             whether the ALJ's decision was adequately supported.

13             Carmickle, 533 F.3d at 1162-63 (emphasis in original; citations omitted).

14             Thus, where the ALJ's errs in not providing any reasons supporting a particular

15    determination (i.e., by failing to consider lay witness testimony), the Stout standard applies and

16    the error is harmless if no reasonable ALJ could have reached a different conclusion had the error

17    not occurred.  Otherwise, where the ALJ provides analysis but some part of that analysis is

18    flawed (i.e., some but not all of the reasons given for rejecting a claimant's credibility are either

19    legally insufficient or unsupported by the record), the Batson standard applies and any error is

20    harmless if it is inconsequential to the ultimate decision because the ALJ's disability

21    determination nonetheless remains valid.

22             Here, the ALJ did not mention Plaintiff's Bipolar disorder anywhere in the hearing

23    decision.  Beginning at Step 2, the ALJ did not list Bipolar disorder as a medically determinable

24    impairment despite medical records indicating the diagnosis.  Under Stout, this error can only be

25    considered harmless if no reasonable ALJ could have reached a different disability conclusion

26    had the error not occurred.  Applying this standard, the Court finds the error harmless.

27    / / /

28    / / /

9

1    As explained above, Plaintiff bears the burden of showing the existence of a severe

2    impairment (i.e., an impairment that more than minimally affects Plaintiff's ability to work).  <u>See</u>

3    <u>Quang Van Han</u>, 882 F.2d at 1456; <u>see also</u> <u>Terry</u>, 903 F.2d at 1275.  While the record

4    demonstrates the existence of Bipolar disorder, Plaintiff has not produced evidence at Step 2 that

5    this disorder more than minimally affects her ability to work.  At Step 3, the ALJ considered

6    evidence presented of Plaintiff's mental impairments and concluded that, singly and in

7    combination, those impairments are not severe enough to satisfy any Listing-level impairment.

8    <u>See</u> CAR 106-107.  Similarly, at Step 4, Plaintiff did not present evidence that her Bipolar

9    disorder, either singly or in combination with her other mental impairments, results in limitations

10   to her ability to perform medium work with a restriction to only occasional one-on-one contact

11   with the public.

12   Any error at Step 2 in failing to consider Bipolar disorder was harmless throughout

13   the rest of the hearing decision because Plaintiff failed to adduce evidence that any of her mental

14   conditions result in limitations greater than those found by the ALJ which compelled a decision of

15   "not disabled."  When faced with the same lack of evidence of functional limitation associated

16   with Bipolar disorder or other mental impairments, no reasonable ALJ could have reached a

17   different disability determination even had the Bipolar disorder diagnosis been discussed in detail

18   at Step 2 and beyond.  Moreover, as Defendant notes, the finding at Step 2 is a de minimus

19   finding and the ALJ is still required at Step 4 to, as the ALJ did here, assess residual functional

20   capacity based on limitations associated with all impairments, even those found to be non-severe.

21   <u>See</u> <u>Buck v. Berryhill</u>, 869 F.3d 1040, 1-48-49 (9th Cir. 2017).  Here, the ALJ concluded the

22   record as a whole does not support a finding of significant work-related limitations associated

23   with Plaintiff's mental impairments.  Based on the lack of evidence presented by Plaintiff, no

24   reasonable ALJ could have reached a contrary conclusion even had Bipolar disorder been

25   discussed at Step 2 and found to be severe.

26   / / /

27   / / /

28   / / /

1

**IV.  CONCLUSION**

2          Based on the foregoing, the court concludes that the Commissioner's final decision

3   is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY

4   ORDERED that:

5          1.      Defendant's motion to strike, ECF No. 33, is denied;

6          2.      Plaintiff's motion for summary judgment, ECF Nos. 20, 26, and 29, is

7   denied;

8          3.      Defendant's cross-motion motion for summary judgment, ECF Nos. 21 and

9   33, is granted;

10          4.      The Commissioner's final decision is affirmed; and

11          5.      The Clerk of the Court is directed to enter judgment and close this file.

12

13   Dated:  March 9, 2021

14                                    _____

15                                    DENNIS M. COTA
                                      UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

11